UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL EDMONDSON, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:16-CV-1944 (CEJ) |
| PFIZER, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to stay and motion to dismiss for lack of personal jurisdiction. Also before the Court is plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(c). The issues are fully briefed.

### I. Background

Plaintiffs initiated this action in the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) arising out of defendant's design, manufacture, sale, testing, marketing, advertising, and promotion or distribution of Viagra. Plaintiffs claim that use of Viagra caused serious injury, including melanoma and death. They assert claims of (1) negligence, (2) strict liability, (3) breach of express warranty, (4) breach of implied warranty, (5) fraudulent misrepresentation, (6) fraudulent concealment, (7) reckless or negligent misrepresentation and concealment, (8) gross negligence, (9) unjust enrichment, (10) wrongful death, and (11) loss of consortium.

On December 16, 2016, defendant removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Defendant is a citizen of Delaware where it is incorporated and it is also a citizen of New York where its principal place

of business is located. Plaintiffs are citizens of Missouri, New York, Texas, Ohio, California, Georgia, Wisconsin, Washington, New Hampshire, North Carolina, Michigan, Arkansas, Alabama, and Oklahoma.

Despite the lack of complete diversity on the face of the complaint, defendant argues that the case should not be remanded. Defendant asks that the Court (1) grant its motion to stay pending transfer to a multidistrict litigation case or, in the alternative, (2) dismiss the claims of out-of-state plaintiffs for lack of personal jurisdiction before addressing subject matter jurisdiction. Even if the Court decides subject-matter jurisdiction first, defendant argues, exceptions to complete diversity apply; specifically, defendants argue that the non-diverse plaintiffs' claims are fraudulently joined and fraudulently misjoined. *Id.* Plaintiffs, on the other hand, argue that remand is required because this Court does not have subject matter jurisdiction.

## II. Motion to Stay

Defendant moves to stay the proceedings until the Judicial Panel on Multidistrict Litigation (JPML) rules on its motion to transfer this case to the MDL proceeding *In re Viagra (Sildenafil Citrate) and Cialis (Tadalafil) Products Liability Litigation*, MDL No. 2691. However, "[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed." *Spears v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-855 (CEJ), 2013 WL 2643302, at *1 (E.D. Mo. June 12, 2013) (quoting *T.F. v. Pfizer, Inc.*, No. 4:12-CV-1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 23, 2012)); *see also Robinson v. Pfizer Inc.*, No. 4:16-CV-439 (CEJ), 2016 WL 1721143, at *1 (E.D. Mo.

2

Apr. 29, 2016); *Clark v. Pfizer, Inc.*, No. 4:15-CV-546 (HEA), 2015 WL 4648019, at *1–2 (E.D. Mo. Aug. 5, 2015) (denying a stay pending a ruling on a conditional transfer); *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340 (CEJ), 2015 WL 1604859, at *1 (E.D. Mo. Apr. 9, 2015); *Matthews v. Fresenius Med. Care N. Am., Inc.*, No. 4:14-CV-979 (JAR), 2014 WL 3579941, at *1 (E.D. Mo. July 21, 2014). "This is especially true where, as here, [a] pending motion is one for remand and goes to the Court's subject matter jurisdiction." *Spears*, 2013 WL 2643302, at *1 (internal quotation marks omitted).[1]

Defendant argues that a stay is appropriate in this case because it would (1) promote judicial economy, (2) avoid prejudice to defendant, and (3) impose no prejudice on plaintiffs. The Court disagrees. "This Court is in the best position to determine subject matter jurisdiction, and waiting for a decision by the JPML before ruling on the motion to remand 'would not promote the efficient administration of justice.'" *Spears*, 2013 WL 2643302, at *1 (quoting *Stone v. Baxter Int'l, Inc.*, No. 4:08-CV-3207, 2009 WL 236116, at *2 (D. Neb. Jan. 30, 2009)). Accordingly, defendant's motion to stay will be denied.[2]

---

[1] A conditional transfer order was entered on December 20, 2016. [Doc. #13 at 3]. Notably, Section 4.34 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Rule 2.1 states that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." R.P. J.P.M.L. 2.1(d).

[2] Defendant offers several cases that run counter to the authority in this district, and the Court is not persuaded by their reasoning. *See Novy v. C.R. Bard, Inc.*, No. 4:16-CV-1233 (CDP) (E.D. Mo. Oct. 9, 2016) (staying the matter without discussion); *Simmons v. GlaxoSmithKline, LLC*, No. 4:15-CV-1397 (CDP), 2015 WL 6063926 (E.D. Mo. Oct. 14, 2015); *Miller v. Bayer HealthCare Pharm. Inc.*, No. 4:15-CV-1401 (CDP), 2015 WL 5572801 (E.D. Mo. Sept. 22, 2015). Moreover, the cases of *Toppins v. 3M Co.*, No. 4:05-CV-1356 (ERW), 2006 WL 12993 (E.D. Mo. Jan. 3, 2006) and *Bledsoe v. Janssen Pharmaceutica*, No. 4:05-CV-2330 (ERW), 2006 WL 335450 (E.D. Mo. Feb. 13, 2006) (noting that plaintiffs did not oppose or respond to the defendants' motion to stay), both cited by defendant, are distinguishable, as the parties in those cases did not raise subject matter jurisdiction in response to the motions to stay the proceedings.

### III. Motion to Remand

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Moreover, the removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at any time, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

"It is axiomatic that a court may not proceed at all in a case unless it has jurisdiction." *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States,' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Defendant argues that, in this case, the Court should dismiss the claims of the non-Missouri plaintiffs for lack of personal jurisdiction before addressing subject matter jurisdiction.[3] [Doc. #14 at 5].

Under *Ruhrgas AG v. Marathon Oil Co.*, the Court has discretion to determine whether to consider its subject-matter jurisdiction or personal jurisdiction first. 526

---
[3] Defendant does not dispute that this Court has personal jurisdiction with respect to the claims of the Missouri plaintiffs. They contend, however, that the non-Missouri plaintiffs cannot piggyback on this personal jurisdiction.

4

U.S. 574, 578 (1999) (holding that "[c]ustomarily, a federal court first resolves doubts about its jurisdiction, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry," or otherwise stated, "there is no unyielding jurisdictional hierarchy"). "If personal jurisdiction raises 'difficult questions of [state] law,' and subject-matter jurisdiction is resolved 'as eas[ily]' as personal jurisdiction, a district court will ordinarily conclude that 'federalism concerns tip the scales in favor of initially ruling on the motion to remand.'" *Id.* at 586 (quoting *Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986)). Notably, however, "in most instances subject-matter jurisdiction will involve no arduous inquiry." *Id.* at 587.

Courts in this district addressing similar personal-jurisdiction arguments have found it appropriate to address the issue of subject matter jurisdiction first. *See, e.g., Hall v. Bayer Corp.*, No. 4-16-CV-1523 (CEJ), 2017 WL 86011 (E.D. Mo. Jan. 10, 2017); *Mcpeters v. Bayer Corp.*, No. 4:16-CV-1680 (SPM), 2017 WL 57250 (E.D. Mo. Jan. 5, 2017); *Dotson v. Bayer Corp.*, 4-16-CV-1593 (PLC), 2017 WL 35706 (E.D. Mo. Jan. 4, 2017); *Spann v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-902 (RLW), 2016 WL 7243535 (E.D. Mo. Dec. 14, 2016); *Mounce v. Bayer Corp.*, No. 4:16-CV-1478 (RLW), 2016 WL 7235707 (E.D. Mo. Dec. 13, 2016); *Dorman v. Bayer Corp.*, No. 4:16-CV-601 (HEA), 2016 WL 7033765 (E.D. Mo. Dec. 2, 2016); *Fahnestock v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-1013 (CEJ), 2016 WL 4397971 (E.D. Mo. Aug. 18, 2016); *Timms v. Johnson & Johnson*, No. 4:16-CV-733 (JAR), 2016 WL 3667982 (E.D. Mo. July 11, 2016); *Joseph v. Combe Inc.*, No. 4:16-CV-284 (RLW), 2016 WL 3339387 (E.D. Mo. June 13, 2016); *Nickerson v. Janssen Pharm., Inc.*, No. 4:15-CV-1762 (RLW), 2016 WL 3030241

(E.D. Mo. May 26, 2016); *Adler v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-155 (RWS), Memorandum and Order (E.D. Mo. Mar. 28, 2016) [Doc. #18]; *Clark v. Pfizer*, No. 4:15-CV-546 (HEA), 2015 WL 4648019 (E.D. Mo. Aug. 5, 2015); *Parker v. Pfizer, Inc.*, No. 4:15-CV-441 (CAS), 2015 WL 3971169 (E.D. Mo. June 30, 2015); *Littlejohn v. Janssen Research & Dev., LLC*, No. 4:15-CV-194 (CDP), 2015 WL 1647901 (E.D. Mo. Apr. 13, 2015).

For its part, defendant cites only one case from the Eighth Circuit in which the court reached the opposite conclusion and decided personal jurisdiction first – *Addelson v. Sanofi*, 4:16-CV-1277 (ERW), 2016 WL 6216124 (E.D. Mo. Oct. 25, 2016). But after considering the complexity of the personal jurisdiction inquiry, and in light of the overwhelming consensus in this district, the Court respectfully disagrees with *Addelson. See Spann v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-902 (RLW), 2016 WL 7243535, at *2 (E.D. Mo. Dec. 14 2016) (reasoning that issues of personal jurisdiction require a more fact-intensive analysis). Where, as here, the inquiry into subject matter jurisdiction is not arduous, the better course is to address that issue first. *See id.* at 587–88 ("[B]oth expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [subject matter jurisdiction] first.") Accordingly, the Court is not persuaded by defendant's arguments, and finds that it is appropriate to determine whether it has subject matter jurisdiction before addressing the issue of personal jurisdiction.

### A. Diversity Jurisdiction

Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000, exclusive of interest and costs, and complete diversity of citizenship among the litigants. "Complete diversity of citizenship exists

where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). In this case, defendant argues that diversity jurisdiction is not defeated because the non-diverse plaintiffs are (1) fraudulently joined as the Court does not have personal jurisdiction with respect to their claims, and (2) the non-diverse plaintiffs are fraudulently misjoined.

### ***Fraudulent Joinder***

The doctrine of fraudulent joinder is an exception to the complete diversity rule. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012), *as corrected* (Nov. 28, 2012).

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro*, 591 F.3d at 620. To prove fraudulent joinder, the removing party must show that "the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). In other words, "if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent." *Id.* (emphasis in original) (internal quotation marks omitted).

7

Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811). Ergo, the Eighth Circuit has noted that "[f]raudulent joinder is not easily shown by the defendant or lightly found by the district court." *Vang v. PNC Mortg., Inc.,* 517 Fed. Appx. 523, 524 (8th Cir. May 22, 2013) (unpublished per curiam). Indeed "the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion' since 'we do not focus on the artfulness of the plaintiff's pleadings.'" *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Knudson*, 634 F.3d at 980).

Courts in this district have repeatedly held that an alleged lack of personal jurisdiction does not establish fraudulent joinder. *See Mounce v. Bayer Corp.*, No. 4:16-CV-1478 (RLW), 2016 WL 7235707, at *3 (E.D. Mo. Dec. 13, 2016); *Adler v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16-CV-155 (RWS), Memorandum and Order, at 4 (E.D. Mo. Mar. 28, 2016) [Doc. #18]; *Joseph v. Combe Inc.*, No. 4:16-CV-284 (RLW), 2016 WL 3339387, at *2 (E.D. Mo. June 13, 2016); *Triplett v. Janssen Pharms., Inc.*, No. 4:14-CV-2049 (AGF), at 9 (E.D. Mo. July 7, 2015) [Doc. #30] (finding defendants' personal jurisdiction argument failed to address whether nondiverse plaintiffs had colorable claims as required to show fraudulent joinder); *Gracey v. Janssen Pharms., Inc.*, No. 4:15-CV-407 (CEJ), 2015 WL 2066242, at *3 (E.D. Mo. May 4, 2015) (rejecting defendants' attempt to premise a fraudulent joinder argument on the state court's alleged lack of personal jurisdiction); *Littlejohn v. Janssen Research & Dev., LLC*, No. 4:15-CV-194 (CDP), 2015 WL 1647901, at *1 (E.D. Mo. Apr. 13, 2015); *Simmons v. Skechers USA, Inc.*, No.

4:15-CV-340 (CEJ), 2015 WL 1604859, at *3 (E.D. Mo. Apr. 9, 2015) (rejecting defendants' argument that the "theory of fraudulent joinder—an inquiry into substantive viability of claims—countenances a procedural challenge to a court's personal jurisdiction over a defendant.") This Court agrees that the "fraudulent joinder doctrine requires the Court to consider the merits of plaintiffs' claims under state law, and a personal jurisdiction challenge does not go to the merits of the claim." *Joseph v. Combe Inc.*, 2016 WL 3339387, at *2.

Defendant's personal jurisdiction challenge does not constitute a valid argument for fraudulent joinder, and they do not present any challenge to the substantive viability of the plaintiffs' claims. Defendant has therefore failed to meet its burden to establish that plaintiffs' claims are fraudulently joined, and the Court finds that there are "colorable claim[s]" here. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010) (internal quotation marks omitted).

### ***Fraudulent Misjoinder***

Fraudulent misjoinder, a doctrine the Eighth Circuit has neither accepted nor rejected, occurs when a plaintiff joins a viable claim, either by another non-diverse plaintiff or against another non-diverse defendant, with "no reasonable procedural basis to join them in one action" because the claim that destroys diversity has "no real connection with the controversy." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (footnotes, internal quotation marks, and citations omitted). Whether a party has been fraudulently misjoined depends on whether there has been an "egregious and grossly improper" joinder "under the broadly-interpreted joinder standards." *Id.* at 624. Alleging fraudulent joinder "requires the court to look, at least somewhat, at the substantive merits of the claim," while

9

fraudulent misjoinder is a question of procedure. *See Bowling v. Kerry, Inc.*, 406 F. Supp. 2d 1057, 1060 (E.D. Mo. 2005) (referring to fraudulent misjoinder as "procedural misjoinder").

Here, defendant challenges the propriety of joining the non-Missouri plaintiffs' claims into a single action in which the Court has established personal jurisdiction over defendants. Thus, the real issue is whether the non-Missouri plaintiffs' claims have been properly joined under Rule 20 of the Federal Rules of Civil Procedure.

As in *Prempro* and several recent cases before this Court, even if the fraudulent misjoinder doctrine is applied, it does not support this Court's exercise of jurisdiction. *See, e.g., R.A. v. Abbott Labs.*, No. 4:16-CV-1334 (JAR), 2016 WL 5791465 (JAR) (E.D. Mo. Oct. 4, 2016); *Crockett v. Janssen Research & Dev. LLC*, No. 4:16-CV-522 (JAR), 2016 WL 3015186 (E.D. Mo. May 26, 2016); *Beene v. Combe Inc.*, No. 4:16-CV-282 (JAR), 2016 WL 3015183 (E.D. Mo. May 26, 2016); *Jackson v. C. R. Bard, Inc.*, No. 4:16-CV-465 (CEJ), 2016 WL 1732765 (E.D. Mo. May 2, 2016); *Robinson v. Pfizer Inc.*, No. 4:16-CV-439 (CEJ), 2016 WL 1721143 (E.D. Mo. Apr. 29, 2016); *Morgan v. Janssen Pharms., Inc.*, No. 4:14-CV-1346 (CAS), 2014 WL 6678959 (E.D. Mo. Nov. 25, 2014); *Butler v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 4:14-CV-1485 (RWS), 2014 WL 5025833 (E.D. Mo. Oct. 8, 2014); *Orrick v. Smithkline Beecham Corp.*, No. 4:13-CV-2149 (SNLJ), 2014 WL 3956547 (E.D. Mo. Aug. 13, 2014).

"Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724

(1966). Rule 20 "allows multiple plaintiffs to join in a single action if (i) they assert claims 'with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;' and (ii) 'any question of law or fact common to all plaintiffs will arise in the action.'" *Prempro*, 591 F.3d at 622 (quoting Fed. R. Civ. P. 20(a)(1)). Missouri's permissive joinder rule is substantively identical. Mo. Sup. Ct. R. 52.05(a); *State ex rel. Allen v. Barker*, 581 S.W.2d 818, 826 (Mo. 1979) (en banc). "In construing Rule 20, the Eighth Circuit has provided a very broad definition for the term 'transaction.'" *Prempro*, 591 F.3d at 622. "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). Accordingly, Rule 20 "permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding," without requiring "[a]bsolute identity of all events." *Prempro*, 591 F.3d at 622 (quoting *Mosley*, 497 F.2d at 1333)..

Defendant argues that the Court should find fraudulent misjoinder here because plaintiffs "'joined their claims to avoid diversity jurisdiction.'" [Doc. #14 at 13 (quoting *Prempro*, 591 F.3d at 623)]. Defendant primarily relies on *In re Fosamax (Alendronate Sodium) Prods. Liab. Litig. (No. II)*, MDL No. 2243 (JAP-LHG), 2012 WL 1118780, at *5 (D. N.J. Apr. 3, 2012), to support this contention. But the Eighth Circuit has held, "if the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977); *id.* at 406 ("[I]f [a plaintiff] can avoid the federal forum by the device of properly joining a nondiverse defendant or a nondiverse co-plaintiff, he is

11

free to do so."). And furthermore, this Court has repeatedly emphasized that "the bad faith referred to [in *Prempro*] must be something more than a desire to defeat federal jurisdiction." *Spears v. Fresenius Medical Care North America, Inc.*, No. 4:13-CV-855 (CEJ), 2013 WL 2643302, at *3 (E.D. Mo. June 12, 2013) (internal quotation marks omitted); *see also Jackson v. C. R. Bard, Inc.*, No. 4:16-CV-465 (CEJ), 2016 WL 1732765, at *5 (E.D. Mo. May 2, 2016); *Simmons v. Skechers USA, Inc.*, No. 4:15-CV-340 (CEJ), 2015 WL 1604859, at *4 (E.D. Mo. Apr. 9, 2015). Accordingly, plaintiffs' subjective intent in adding non-diverse parties is irrelevant to the Rule 20 analysis.

The Court finds that plaintiffs' claims satisfy Rule 20(a)'s standard. Defendant has not demonstrated that the joinder of the non-Missouri plaintiffs with the Missouri plaintiffs "borders on a sham." *Prempro*, 591 F.2d at 624 (internal quotation marks omitted). First, plaintiffs' complaint raises common questions of law or fact regarding injuries alleged from use of the same product and arising from the same design, manufacture, sale, testing, marketing, advertising, and promotion or distribution of a product. Also, because plaintiffs' allegations relate to defendant's design, manufacture, testing, and promotion of Viagra—occurrences common as to all plaintiffs—their claims also arise out of the same transaction or occurrence, or series thereof. That is so even if the end-of-the-line exposures occurred in different states and under the supervision of different medical professionals. Thus, joinder of all of plaintiffs' claims under Rule 20(a) is proper.

\* \* \* \* \*

Based on the foregoing, the Court finds that subject-matter jurisdiction is lacking and the matter must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to stay [Doc. #12] is **denied.**

**IT IS FURTHER ORDERED** that plaintiffs' motion to remand [Doc. #8] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [Doc. #6] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2017.